MILTON J. WEST AND ANOTHER, APPELLANTS, *v.* UTAH NATIONAL BANK AND OTHERS, RESPONDENTS.

[See *West* v. *Child, ante.*]

TOWNSITE LAW.— PUBLIC LANDS.— RETENTION OF POSSESSION.— In a suit brought by plaintiffs claiming as heirs of a deceased occupant of a townsite lot, the deceased having died after entry by himself in another's name, where deed passed from mayor to the entrymen of the townsite lot after adjudication, to them in probate court, where it is claimed that the entrymen were merely mortgagees in possession, and that the adjudication in probate court was without notice to the heirs of West; *held* that the complaint was demurrable because such adjudication in the probate court cannot be collaterally attacked.

APPEAL from a judgment of the district court of the first district. The opinion states the facts, except the following:

This case differs from *West* v. *Child,* in the particular that the intestate ancestor of the plaintiffs made the claim in the probate court not in his own name, but in the name of Kimball and Lawrence.

The complaint alleged as against the defendants John

Sharp, Lester J. Herrick, and John Hoagland, that they were the surviving administrators of the estate of Chauncey W. West, deceased; that Ogden City and the Utah National Bank, both defendants, were corporations; that certain defendants named West were, with the plaintiffs, all the children of said West, deceased; that said West died intestate seized and possessed of premises in controversy which are a part of the Ogden City townsite; that prior to his death said West became indebted to Kimball and Lawrence, and in order to secure such indebtedness filed his claim in the probate court in the name of Kimball and Lawrence, intending to give them a lien on the premises for their indebtedness. That before an adjudication on this filing said West died, administrators were appointed upon his estate, who, under an order of sale in the probate court, made wholly without notice of any kind to the heirs, and without a petition for that purpose, sold the premises in controversy to Kimball and Lawrence to satisfy their indebtedness; that the administrators were ordered to make a deed to Kimball and Lawrence, which was never recorded if made, and afterwards Kimball and Lawrence appeared in the probate court and these premises were adjudicated to them; that the plaintiffs were each less than one year of age at that time, and no guardian *ad litem* was appointed for them in any of said proceedings; that said plaintiffs are the owners in fee of an undivided two-nineteenths of said premises; that the defendants, Utah National Bank, Sidney Stevens, John E. Dooley, Patrick Healey, Adam Patterson, Warren W. Covey, and William Garland, claim an estate therein adverse to plaintiffs, but the same is without right.

The prayer was that the deed to Kimball and Lawrence be canceled, and the claim of the defendants claiming adversely be adjudged to be without right. The complaint did not allege that the title of the adverse claimants was in any way connected with Kimball and Lawrence. It did

show inferentially, as in *West* v. *Child,* that the entry by the corporate authorities was made before the death of Chauncey W. West, and so respondent's brief admits.

*Mr. Allen Miller* and *Mr. C. B. Pash,* for the appellants.

*Messrs. Kimball and Allison* and *Mr. W. L. Maginnis,* for the respondents.

Chauncey W. West was, at the time of entry by the mayor, the possessor and occupant, but his right he could sell. His filing in the name of Kimball and Lawrence was equivalent to a sale to them. *Hussey* v. *Smith,* 99 U. S. 20; *Stringfellow* v. *Cain,* 99 U. S. 610; *Pratt* v. *Young,* 1 Utah, 347, and justified the probate court in adjudicating to them. If the theory that Kimball and Lawrence were mortgagees in possession be true, this should be a bill to redeem. The mortgagor cannot maintain ejectment until the mortgage is paid. Jones on Mortgages, §§ 1093, 1094, 1095, 674. The deed from Ogden City being absolute to Kimball and Lawrence, they could convey an indefeasible title to purchasers in good faith, and the presumption here is that the defendants against whom the title is asked to be quieted are purchasers from Kimball and Lawrence, and it should be alleged that they had notice.

ZANE, C. J.:

This is an appeal from the judgment of the court below, sustaining a demurrer to the plaintiffs' complaint, for the reason, as averred, that the facts stated did not constitute a cause of action. It is alleged that the intestate, the late Chauncey W. West, the plaintiffs' father, took possession of the land in question when the title was in the United States; that said West made claim in the probate court under the townsite law for the premises in the name of

Kimball and Lawrence; that he died January 7, 1870; that the probate court of Weber county, in which the land was situated, ordered it sold to pay the debts of his estate; that the same court also adjudged that Kimball and Lawrence were entitled to a deed to it from the mayor of Ogden City, under the townsite law; and that in pursuance thereof the deed was executed and delivered to them by the mayor. The complaint seeks relief from this sale in the probate court and this adjudication on the ground that no notice of such proceedings was had to the heirs. It appears that the intestate caused the claim to be made in the probate court for Kimball and Lawrence, and that an adjudication in pursuance thereof was made in the probate court. Such a judgment cannot be attacked collaterally in this proceeding. Affirmed.

BLACKBURN, J., concurred.